Case 4:25-cv-00093   Document 16   Filed on 06/25/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EBER ZACETA, | § | |
| *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-093 |
| LIBERTY MUTUAL INSURANCE GROUP, | § § § § | |
| *Defendant.* | § § § | |

## ORDER

Pending before the Court is Defendant Liberty Mutual Insurance Group's ("Liberty Mutual" or "Defendant") Motion to Preclude Award of Attorney's Fees to Plaintiff. (Doc. No. 6). Plaintiff Eber Zaceta ("Zaceta" or "Plaintiff") responded in opposition (Doc. No. 7), Defendant replied (Doc. No. 9), and Plaintiff filed a sur-reply (Doc. No. 15). After considering the Motion, response, reply, sur-reply, the evidence, and the applicable law, the Court GRANTS Defendant's Motion. (Doc. No. 6).

### I.     Background

This is an insurance coverage dispute. Plaintiff alleges that his home (the "Property") was damaged as the result of storm and water damage in June 2023. (Doc. No. 1-4 at 2). Liberty Mutual issued an insurance policy to Plaintiff that covered the Property at all relevant times. (Doc. No. 1 at 1). Plaintiff alleges that he timely reported the damage to the Property to Liberty Mutual, but Defendant refused to pay the full amount of the claim. (Doc. No. 1-4 at 3). As such, Plaintiff brought suit against Liberty Mutual, asserting claims for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *See* (Doc. No. 1-4).

That being said, the issue before the Court is not whether Liberty Mutual is liable to Plaintiff for his claims. Rather, the issue is whether Plaintiff is precluded from recovering attorney's fees in this case (as of the date Defendant filed the pending Motion) pursuant to § 542A.003 of the Texas Insurance Code. As discussed in detail below, Liberty Mutual alleges that Plaintiff failed to provide sufficient presuit notice as required by Chapter 542A. It argues that this failure necessitates a finding by the Court that Plaintiff cannot recover attorney's fees.

## II.     Controlling Law

The applicable statutes at issue in this case regarding presuit notice include the requirements of the notice:

> (a) In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
>
> (b) the notice required under this section must provide:
>
>> (1) a statement of the acts or omissions giving rise to the claim;
>>
>> (2) *the specific amount alleged to be owed by the insurer* on the claim for damage to or loss of covered property; and
>>
>> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.
>
> (c) If an attorney or other representative gives the notice required under this section on behalf of a claimant, the attorney or representative shall:
>
>> (1) provide a copy of the notice to the claimant; and
>>
>> (2) include in the notice a statement that a copy of the notice was provided to the claimant.

TEX. INS. CODE. § 542A.003(a–c) (emphasis added).

To prevail on a motion to deny attorney's fees under Texas Insurance Code § 542A.007(d), a defendant must plead and prove that:

> the defendant was entitled to but was not given a presuit notice *stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2)* at least 61 days before the date the action was filed by the claimant . . . .

TEX. INS. CODE. § 542A.007(d) (emphasis added). If the defendant meets its burden of proof, the "court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.*

### III.   Analysis

On June 13, 2024, roughly one year after the alleged loss to the Property, Plaintiff's attorney sent Defendant a demand letter. (Doc. No. 6-2). The parties seem to agree that the demand letter constitutes as a presuit notice, though Defendant disputes that the presuit notice satisfied the statutory requirements. The demand letter describes the damage to the Property, the cost of repairs ($201,570.61), the amount Plaintiff's attorney believes Zaceta is "likely to receive" ($380,000.00), the settlement demand ($300,000), and Plaintiff's intent to sue if Liberty Mutual did not cover the claims. (*Id.*). Defendant alleges that this demand letter did not meet the aforementioned statutory requirements because the letter did not describe an act or omission giving rise to the claim, give notice of the specific amount Zaceta alleges he is owed, or state that a copy of the notice was provided to the insured. *See* (Doc. No. 6). Plaintiff, of course, disagrees. *See* (Doc. No. 7).

#### A.   Statutory Interpretation of § 542A.007(d)

As an initial note, Plaintiff contends, and the Court agrees, that the statutory language of § 542A.007(d) only limits attorney's fees when the presuit notice fails to comply with § 542.003(b)(2)'s requirement that the notice include the specific amount alleged to be owed by the insurer. Although presuit notice is required under all the provisions of § 542A.003 in order to bring a lawsuit, the statutory language does not repeat the same requirements in order to limit

3

attorney's fees. The Court holds that compliance with § 542A.003(b)(2)'s presuit notice of the specific amount alleged by the claimant is the only requirement under § 542A.007(d) for the claimant to be eligible for attorney's fees.

### B. Plaintiff's Presuit Notice Failed to Comply with § 542A.007(d)

In order to defeat Defendant's motion to deny attorney's fees, Plaintiff must have included the "specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property." TEX. INS. CODE. §§ 542A.003(b)(2), 542A.007(d). While the Court disagrees with Defendant's suggestion that Plaintiff was required to provide a categorical breakdown of losses, Plaintiff was required to allege a specific amount *owed* by Liberty Mutual. Plaintiff failed to do so.

Courts in this District, including this Court, have found that "the specific amount alleged to be owed" requirement is satisfied when the notice includes a specific dollar amount. *See, e.g., Mount Canaan Missionary Baptist Church v. Westchester Surplus Lines Ins. Co.*, No. 4:19-CV-00660, 2019 WL 13114309, at *5 (S.D. Tex. Aug. 13, 2019) (Hanen, J.); *Nisha Hospitality, LLC v. Scottsdale Ins. Co.*, No. 3:22-CV-1811-X, 2022 WL 17417995, at *2 (N.D. Tex. Dec. 2, 2022) (Starr, J.); *Koncak v. Am. Sec. Ins. Co.*, No. 3:22-CV-1160-G, 2023 WL 51035, at *2 (N.D. Tex. Jan. 3, 2023) (Fish, J.). Zaceta's presuit notice included three figures: (1) $201,570.61 as "[t]he total cost for the repairs to Mr. Zaceta's home, as evidenced by the quote provided;" (2) $380,000.00 as the amount "Mr. Zaceta is likely to receive;" and (3) $300,000.00 as a "reasonable settlement value." (Doc. No. 6-2 at 2). While all of these figures are specific dollar amounts, none of these figures is the specific dollar amount alleged to be *owed* by Liberty Mutual.

The first figure ($201,570.61) is the total cost for the repairs to the Property. The letter goes on to acknowledge that Liberty Mutual only partially denied coverage. (*Id.*). Plaintiff's response

4

to this Motion also states that "Defendant, in large part, denied [Plaintiff's] claim." (Doc. No. 7 at 3). Plaintiff contends that Defendant is capable of "comparing the demanded amount with the amount that Defendant purports to have paid out on the claim" to determine the amount owed. (*Id.*). Therefore, it is clear that the figure alleged to be the total cost for repairs does not account for the amount that Liberty Mutual had already paid. While it is possible that Liberty Mutual could calculate the difference, it is equally possible that Plaintiff could have compared the amount of the quote with the amount he already received. The Insurance Code places the burden on Plaintiff to ensure that the presuit notice specifies the amount owed by Defendant. Liberty Mutual is not required to "figure it out." As such, the first figure of $201,570.61 is not the "specific amount owed by Liberty Mutual."

The same is true of the second and third figures provided in the presuit notice. The second figure—$380,000.00 as the amount "Mr. Zaceta is likely to receive"—is the amount that Plaintiff's attorney values his case. The third figure—$300,000.00 as a "reasonable settlement value"—is the amount Plaintiff's attorney demands to settle Zaceta's claims. Neither figure is the amount actually owed by Liberty Mutual; only the amount Plaintiff hopes Liberty Mutual will pay out—either to resolve the claim to avoid litigation or that it will pay if Plaintiff successfully litigates his claims.

Consequently, Liberty Mutual was not given a presuit notice stating the specific amount alleged to be owed by the insurer as required by the Insurance Code. TEX. INS. CODE. §§ 542A.003(b)(2), 542A.007(d). Thus, the Court may not award to Plaintiff any attorney's fees incurred after the date Defendant filed this Motion.

### C. Defendant's Request for Abatement is Untimely

In its reply, Defendant suggests that the Court must abate the case for 60 days because Plaintiff did not satisfy the requirements under § 542A.003. (Doc. No. 9 at 2). Section 542A.005

5

of the Texas Insurance Code provides that Liberty Mutual "may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending if the person: did not receive a presuit notice complying with Section 542A.003." TEX. INS. CODE. § 542A.005(a)(1). The Court previously found that Liberty Mutual did not receive a presuit notice complying with § 542A.003. Nevertheless, Liberty Mutual did not file a plea in abatement within 30 days after filing its original answer. Defendant first requested that the Court abate this action in its reply to this Motion. Its reply was filed more than 30 days after it filed its original answer. (Doc. No. 1-6); (Doc. No. 9). As such, Defendant has waived its right to abate this proceeding.

## IV.  Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Preclude Award of Attorney's Fees to Plaintiff. (Doc. No. 6). Therefore, the Insurance Code prohibits this Court from awarding Plaintiff any attorney's fees incurred after the date Defendant filed its Motion to Preclude Award of Attorney's Fees to Plaintiff. The Court, however, DENIES Defendant's belated request to abate this proceeding.

Signed at Houston, Texas, this 25th day of June, 2025.

Andrew S. Hanen
United States District Judge